THE BERKELEY, INC. & another *vs.* ARTHUR BRETTLER.

Suffolk. February 9, 1968. — March 6, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Gift. Corporation,* Transfer of stock. *Evidence,* Relevancy and materiality.

There was a valid gift of shares of stock by a woman to her husband where it appeared that she, intending to make such gift by transferring the shares to him, signed a stock power in blank and gave it to the attorney for the corporation, who already had possession of her stock certificate, that he put the stock power with the certificate and held them as the property of the husband, and that he made out a transfer certificate stub for the husband although he did not fill in the transfer certificate. [26]

On the issue whether a wife had made a gift of shares of stock in a corporation to her husband, a record of a liquor license application signed by them and indicating him as owner of the shares and her as prior owner was relevant and properly admitted in evidence to show her intent in transferring the shares to him shortly after the application. [26]

BILL IN EQUITY filed in the Superior Court on April 6, 1966. The suit was heard by *Tomasello*, J.

*John J. Perenyi* for the plaintiffs.

*James L. Kenney* for the defendant.

WHITTEMORE, J. The plaintiffs have appealed from the final decree of the Superior Court which, although it ordered, as the bill in equity prayed, that the books, records, and stock certificate records of The Berkeley, Inc. be turned over by the defendant to the plaintiff Mildred P. Teebagy, decreed that all the capital stock (thirty shares) in that corporation, also sought under the bill, was the property of her late husband, Albert, at the time of his death. The evidence is reported.

The issue is whether acts of Mildred in April, 1965, transferred the thirty shares to her husband. Certain of the findings are not supported by the evidence. We find on the evidence and exhibits as follows: The stock certificate book and a stock certificate, dated March 3, 1964, certifying that the thirty shares were owned by Mildred were held by the defendant. He was the attorney for the corporation. He held the stock certificate for Mildred. In April, 1965, Albert was ill and in the hospital. Mr. Brettler in that month called on Mildred and obtained her signature on a blank stock power. We infer that he told her that this was to transfer the thirty shares to Albert. Mildred signed it intending thereby to transfer the shares to Albert. She intended it as a gift wanting Albert to have it ("I loved my husband, and I did what he told me"). Mr. Brettler put the stock power with the certificate. He filled in a transfer certificate stub for "Albert E. Teebagy" "For -- 30 -- Shares," but did not fill in the stock certificate.

We infer that Mr. Brettler was acting for Albert in obtaining the signature on the stock power. In signing it and delivering it to Mr. Brettler with intent that it should transfer the shares to Albert, Mildred authorized him to complete the transfer, and to hold the certificate and stock power as the property of Albert. He did so hold them. *Wilson* v. *Jones*, 280 Mass. 488, 495–496. See *Monaghan* v.

*Monaghan,* 320 Mass. 367, 369; *Murphy* v. *Killmurray,* 324 Mass. 707, 709–710; *Silverman* v. *A. & L. Heel Corp.* 353 Mass. 108, 110–111. There was here, in the words of the *Monaghan* case, "a settled donative intention . . . together with an actual or symbolic delivery of the subject matter . . . to someone in . . . [the donee's] behalf in such manner as completely to transfer the dominion and control of it." See G. L. c. 106, § 8–313, as amended through St. 1963, c. 188, § 19, "(1) Delivery to a purchaser [includes donee by § 1–201 (32)] occurs when (a) he or a person designated by him acquires possession of a security." Compare *Johnson* v. *Johnson,* 300 Mass. 24, 29 (ineffective transfer by delivery of written assignment without the certificate). See *Edgerly* v. *First Natl. Bank,* 292 Mass. 181, 185–186 (a signed stock power with the name of transferee and the description of the stock left blank, is insufficient to transfer to pledgee title to the stock with which it is delivered unless the person delivering the stock power to the pledgee had actual authority to make it apply to the certificate of stock). It was not necessary for Mildred to take the certificate from the attorney and hand it back to him with instructions to hold it for Albert. The delivery of the stock power with the intent, made manifest to the attorney, thereby to relinquish and transfer dominion was enough to make a valid inter vivos gift.

The judge admitted records of a liquor license application of March 15, 1965, signed by Mildred and Albert, which showed Albert as the owner of the shares and Mildred as the prior owner. This of course did not operate as a transfer of the shares; it did, however, confirm Mildred's intent in April, 1965, and the admission of the record was not error. The hiatus as to dates is consistent with an intent not carried out by the defendant until April that the stock be transferred in March or earlier.

The final decree is affirmed.

*So ordered.*