James M. WEISS, Appellant,

v.

DEMPSEY–TEGELER & CO., Inc.,
Appellee.

No. 7937.

Court of Civil Appeals of Texas.

Amarillo.

June 16, 1969.

Rehearing Denied July 14, 1969.

Bass & Hobbs and Roy Bass, Lubbock,
for appellant.

J. R. Blumrosen, Lubbock, for appellee.

JOY, Justice.

Suit alleging failure to perform upon agreement to purchase and deliver stock. Judgment for defendant and plaintiff appealed.

Appellant, Weiss, an individual, on August 19, 1966, telephoned appellee, Dempsey-Tegeler & Co., Inc., a stockbrokerage firm, and requested the appellee to purchase 30 shares of common stock of Westec Corporation at the market price. Appellant requested that the certificate representing the shares of stock be issued in appellant's name and mailed to him. Appellee purchased the stock at a price of $54.50 per share and mailed a confirmation notice of the purchase to the appellant on the same date. The confirmation set forth August 25, 1966, as the payment due date for the shares of stock. The appellant paid a total of $1,656.60 to appellee on August 25, 1966, as full payment for the stock. The stock was purchased by appellee from Esteg & Co. who held the stock in "street name" or "street form", terms used by brokerage firms to reflect that stock is held in the firm's name but owned by customers or clients. Appellee, in its customary procedure, ordered the stock transferred to the appellant. However, on August 29, 1966, before the stock was actually transferred on the books of the transfer agent for Westec, the Securities Exchange Commission and the American Stock Exchange ordered all trading suspended in the stock, and the Federal District Court issued an injunction prohibiting any further transfers of the stock by the transfer agents. Apparently the trading in and transferring of the stock was stopped because of financial difficulties of Westec Corporation. Each month thereafter appellee mailed to appellant its statement of account reflecting that it held for appellant's account the 30 shares of stock. Subsequent to the filing of this suit by appellant, the appellee delivered a certificate

for 30 shares of Westec stock in street name of Esteg & Co., properly endorsed and therefore negotiable. Findings by the trial court reflect that the appellant could have sold the stock at any time between August 19, 1966, the date of the purchase, and August 29, 1966, after which date the stock for all practical purposes was worthless.

No statement of facts is presented on appeal, therefore, we are bound by the findings of fact of the trial court. Sec. 8.313 of the Texas Uniform Commercial Code, V.T.C.A., reads in part as follows:

"(a) Delivery to a purchaser occurs when (3) his broker sends him confirmation of the purchase and also by book entry or otherwise identifies a specific security in the broker's possession as belonging to the purchaser; * * *."

Therefore, appellant having received the confirmation of purchase of the 30 shares of stock, the delivery of the shares by appellee was complete although the physical act of delivering the certificate to appellant could not be performed until a later date due to the procedures involved in transferring the stock. The shares of stock belonged to appellant and could have been sold by him at any time between the date of confirmation of purchase and the date of suspension of trading as ordered by the American Stock Exchange and Securities Exchange Commission. A certificate in the appellant's name and in his possession would have given appellant no more authority over the control of the shares of stock. The seller was legally bound to deliver the stock as well as the broker-agent of appellant, the appellee herein.

■ Appellant's first point of error states that the trial court erred in holding that appellee was not bound unconditionally to deliver the stock in appellant's name, citing the case Kingsville Cotton Oil Co. v. Dallas Waste Mills, 210 S.W. 832 (Tex. Civ.App.1919, refused) and Levy Plumb-

ing Co. et al. v. Standard Sanitary Manufacturing Co., 68 S.W.2d 273 (Tex.Civ.App. 1933, refused). These cases are not analogous. Neither case involves a brokerage firm or broker acting as the agent of the other party, both dealing with contracts between parties each acting as principals.

Appellant's second point of error complains of the trial court's finding of fact that the transaction was made subject to all the terms of the confirmation statement mailed by appellee to appellant. Sec. 8.319, Texas Uniform Commercial Code reads in part as follows:

"A contract for the sale of securities is not enforceable by way of action or defense unless * * * (3) within a reasonable time a writing in confirmation of the sale or purchase and sufficient against the sender under Subdivision (1) has been received by the party against whom enforcement is sought *and he has failed to send written objection to its contents within ten days after its receipt.*" (Emphasis ours)

The confirmation stated in part:

"It is agreed between Dempsey-Tegeler & Co., Inc. and the customer * * * that all transactions are subject to the constitution, rules, regulations, customs, usages, rulings, and interpretations of the stock exchange * * *."

In view of the finding by the trial court that the appellant was bound by the confirmation, it is presumed that the appellant did not send written objection to the contents within ten days and became bound by the agreement. As we read Sec. 8.319 the defendant-broker would have been entitled to bring an action to recover any monies due; therefore, conversely, we think the plaintiff-principal cannot recover monies paid in accordance with the agreement. The trading in the Westec stock was suspended by action of the American Stock Exchange and Securities Exchange Commission on August 29, 1966. The appellant was bound by the agreement with his agent, therefore, cannot complain of

the action over which the agent had no control and had in fact provided for in the agreement.

In 12 C.J.S. Brokers § 11, p. 30 it is stated:

"In the execution of his client's orders for the purchase or sale of stock a stockbroker is ordinarily the client's agent, especially where the transaction is to be a cash one; and this relationship is not converted, as a matter of law, into that of seller and purchaser by a formal confirmation of a sale * * *."

As we view this case the question is whether or not an agent is responsible to his principal for his failure to fully perform the instructions of the principal by delivering a stock certificate in the name of the principal within a reasonable time, as he is required to do, even though he is prevented from so doing by reason of acts or circumstances over which he has no control and through no negligence or malfeasance upon the agent's part, all as applied to the special relationship of stockbroker-customer and in the light of the provisions of the Texas Uniform Commercial Code. Where, as in this case, the agent has substantially performed his agreement under the instructions of the principal, the agent is not liable for losses of the principal not occasioned by negligence, misrepresentation or fraud of the agent. The agreement had been substantially performed in that the only action left undone by the agent was the ministerial act of transferring the stock on the books of the corporation through its transfer agent and issuance of a certificate in the name of the principal. The principal was in constructive receipt of the stock; he could have sold or disposed of the stock at any time had he chosen to do so and been able to find a buyer. Neither appellant nor appellee has cited any authority directly in point. In 12 C.J.S. Brokers § 30, p. 76 it is said in part:

" * * * but if the broker has given notice of the purchase he is not re-

sponsible for a delay in delivery of stock, where the customer could have dealt with the stock and the delay was due to another broker, nor is he responsible for a delay of the transfer agent in making delivery; * * *.", citing Eddy v. Schiebel, 112 Conn. 248, 152 A. 66.

The court in that case stated:

"We point out, however, that whether the certificate was tendered within a reasonable time may become a question of law under all the circumstances of the case, including the unusual conditions which existed on the exchange at this period *and the difficulty in obtaining transfers of this particular stock,* as well as the customs and usages of the exchange to which the defendant submitted himself * * *. There is nothing in this record to show that the offer of the certificate to the defendant was unreasonably delayed as a matter of law. We may add that, even if the delay had been pleaded and proved to be unreasonable, the facts show that it was caused in the main by the action of the transfer agent and not by the plaintiffs (brokers) or their New York representative and for this the plaintiffs certainly could not be held responsible. 'A stockbroker who gives his client speedy notice of the purchase of shares of stock for him is not answerable, in the absence of damage to his client, for a delay in the delivery of the stock certificate, where the latter could have dealt with the shares and negotiated them on the strength of such notice, and the delay in the delivery of the certificate was due to the conduct of a competent broker employed by the first broker with the implied consent of the client, to purchase the shares in another city'—cited in Corpus Juris, vol. 9, p. 543, note 81c; Buchan v. Newell, 29 Ontario L. 508." (Emphasis ours)

Here, the appellant's damages, if any, were occasioned by the loss in market value of the stock and the suspension of trading by the American Stock Exchange and Securities Exchange Commission along with the action of the Federal District Court in restraining the actual transfer of the shares on the books of the corporation, not by the failure of the appellee to fulfill the instructions of the appellant by delivering the stock certificate. We do not think that the delay in tendering a certificate in proper form by the appellee was unreasonable upon the facts and circumstances of this case.

The judgment of the trial court is affirmed.