251 So.2d 710 (1971)
Rhoades ALDERSON, Appellant,
v.
FRANCIS I. duPONT & COMPANY, a Limited Partnership, Authorized to and Doing Business in the State of Florida, Appellee.
No. 71-107.
District Court of Appeal of Florida, Third District.
July 20, 1971.
Rehearing Denied September 15, 1971.
*711 Walton & Garrick, Miami, for appellant.
Smathers & Thompson and Earl D. Waldin, Jr., Miami, for appellee.
Before CHARLES CARROLL, HENDRY and BARKDULL, JJ.
PER CURIAM.
The appellant had a securities account with the appellee. He received a call from an account executive with the appellee, advising him he could have 200 shares of Cordis Corporation common stock for $55.00 per share. The appellant accepted the offer and authorized a debit against his account for the purchase price. Later, he received a call advising him that there was no Cordis stock available. The appellant notified the appellee by phone demanding the stock. The next day he wrote to the appellee, advising it of the alleged transaction, demanding the stock.[1] The letter was not responded to within ten days. When the stock was not forthcoming, the appellant filed the instant suit seeking damages for breach of contract. The trial court held that the letter, copied in full in footnote 1 of this opinion, was not a sufficient memorandum under the requirements of § 678.319(3), Fla. Stat.[2] F.S.A. and dismissed the appellant's cause by final judgment.
We find to the contrary. The letter was a sufficient memorandum in writing to bind the sender [the appellant in the instant *712 case], in accordance with subsection (1) of the statute as referred to in subsection (3) and, therefore, upon receipt of the letter it was incumbent upon the appellee [if it denied the existence of the agreement to sell] to respond within the time limitation provided in the statute and, failing to do so, the appellant had a right to enforce the terms of the purchase. See comments, Vol. 19C, F.S.A. (1966), p. 117.
Therefore, the final judgment here under review be and the same is hereby reversed with directions to grant the appellant a new trial.
Reversed and remanded, with directions.
NOTES
[1] "October 11, 1967
 "Francis I. du Pont and Company
 202 W. 72nd Street
 New York, N.Y.
 "ATTENTION: Messrs. Friedman and
 Tessler
 "Gentlemen:

"I had an extremely unsatisfactory telephone conversation with Mr. Head yesterday. He stated that he had discussed my purchase of 200 shares of Cordis common stock with Mr. Tessler and the latter denied he had given me a firm commitment. As you both well know, Mr. Tessler did in fact give me a firm commitment for 200 shares.
"My plans have been arranged so that I am counting on receiving the 200 shares. I feel that I have really released 100 shares after first being told by Mr. Tessler `the 300 shares are yours'.
"If you are the reputable firm that I believe you to be, you will go into the market and buy 200 shares for me, selling them to me at $55.00 per share.
"If you do not make these shares available to me, I certainly will find another brokerage firm and influence as many others as I possibly can to do likewise.
 "Very truly yours,
 /s/ RHOADES ALDERSON
 Roades Alderson
 Director of Sales
 "RA :mq
 "cc: Mr. Head
 "P.S. By your reneging yesterday, I
 wound up receiving not a single
 share of Cordis stock.
 R.A."

[2] "678.319 Statute of frauds.  A contract for the sale of securities is not enforceable by way of action or defense unless:

"(1) There is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price; or
"(2) Delivery of the security has been accepted or payment has been made but the contract is enforceable under this provision only to the extent of such delivery or payment; or
"(3) Within a reasonable time a writing in confirmation of the sale or purchase and sufficient against the sender under subsection (1) has been received by the party against whom enforcement is sought and he has failed to send written objection to its contents within ten days after its receipt; or
"(4) The party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract was made for sale of a stated quantity of described securities at a defined or stated price."