284 So.2d 233 (1973)
Charles M. PHILLIPS, Jr., Appellant,
v.
David ZIMRING and Ernest C. Bourne, Appellees.
No. 72-465.
District Court of Appeal of Florida, Second District.
September 14, 1973.
Rehearing Denied November 14, 1973.
*234 Baya M. Harrison and William L. Johnson, of Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellant.
Fred L. Bryson, of Bryson, Patterson, & Amadio, St. Petersburg, for appellee.
HOBSON, Judge.
Appellant owned 29,000 shares of the common stock of Astron Industrial Associates, Inc. His broker held the endorsed stock certificates in appellant's account in fully negotiable form. Appellant met with appellee Bourne on April 8, 1971, at which time appellant verbally agreed to sell and Bourne, as agent for appellee Zimring, agreed to purchase the 29,000 shares for fifty cents per share, or a total consideration of $14,500. At the same time appellant delivered to Bourne two customer ledger sheets evidencing his Astron stock custody account with Raymond James & Associates, Inc., a local brokerage firm. Appellant also signed and delivered to Bourne the original and copies of a stock power, and Bourne witnessed appellant's signature on at least one of the stock powers. Bourne made notes of the conference reflecting the number of shares, the purchase price of $14,500 and the fact that Raymond James & Associates, Inc. held stock certificates of Astron for appellant. At the conclusion of the conference appellant requested a check in payment of the stock, but Bourne deferred payment by stating that Zimring, his principal, was not in the office or available to write the check and that appellant would receive it in a few days.
*235 Immediately upon returning to his office appellant wrote a letter to Bourne requesting the check for $14,500 during the coming week. He wrote another letter to Raymond James, with a signed carbon copy being sent to Bourne. In this letter appellant advised the brokerage firm of the sale of the 29,000 shares of Astron to Bourne or his assignee, and requested the firm to accommodate Bourne and make the transfer as he requested it. Bourne made no reply or objection to the contents of either letter after he had received them. On May 12, 1971, Bourne wrote appellant a letter repudiating the sale and returning the stock powers and other papers.
Appellant instituted this suit for the purchase price of the stock. Appellee Zimring answered, denying that he negotiated for or purchased any stock from appellant. Appellee Bourne answered, asserting that all negotiations between him and appellant were conditioned upon an event that never occurred and that he never accepted delivery of the stock certificates. Bourne affirmatively pled the statute of frauds, F.S., § 678.8-319 F.S.A.
At the non-jury trial, the judge assigned to hear the cause found that a verbal agreement had been made and that the letter to Bourne was insufficient to constitute a confirmatory memorandum under F.S., 678.8-319 F.S.A. commonly known as the statute of frauds.
In Colt v. Fradkin, Mass. 1972, 281 N.E.2d 213, the Supreme Judicial Court of Massachusetts said that "three documents, enclosed in the same envelope, must be read as a single instrument in the light of all the circumstances." The court held that when read together, they satisfy the requirements of § 8-319 of the Uniform Commercial Code. See also Meek v. Briggs, 1920, 80 Fla. 487, 86 So. 271, and Alton Beach Realty Company v. Henderson, 1926, 92 Fla. 689, 110 So. 256.
We hold that the two letters sent to Bourne were sufficient to constitute a confirmatory memorandum under, F.S., § 678.8-319(3) F.S.A. to bind the appellees, and upon their failure to respond within ten days in accordance with the statute, appellant had a right to enforce the terms of the sale. Alderson v. Francis I. duPont & Company, Fla.App. 1971, 251 So.2d 710.
The lower court also held that no sale had occurred because of non-compliance with, F.S., § 678.8-309 F.S.A. in that the stock certificates were never physically delivered by appellant to appellees.
F.S., Section 678.8-309 F.S.A. is identical to § 8-309 of the Uniform Commercial Code, and provides:
"An indorsement of a security whether special or in blank does not constitute a transfer until delivery of the security on which it appears or if the indorsement is on a separate document until delivery of both the document and the security."
Like its predecessor, § 1 of the Uniform Stock Transfer Law, this section involves the legal title only and does not embrace the broad field of equitable rights and interests and the methods of their transfer. See Smallwood v. Moretti, Fla.App. 1961, 128 So.2d 628; Weiss v. Dempsey-Tegeler & Co., Tex.Civ.App. 1969, 443 S.W.2d 934. See also Duncan v. Kelly, Mo. App. 1968, 435 S.W.2d 29; Schwartzman v. Kimler, 1966, 52 Misc.2d 102, 275 N.Y.S.2d 330; East v. Crowders, 8th Cir.1962, 302 F.2d 645.
In the instant case appellant intended to pass title to appellees by delivering the executed stock power to them and authorizing the brokerage firm to transfer and deliver the endorsed stock certificates to Bourne. Although there was no physical delivery of the stock certificates to appellees, there was an intention that the stock should then and there be vested in the transferee, and a symbolical delivery of the property. Smallwood, supra; Berkeley, Inc. v. Brettler, 1968, 354 Mass. 24, 234 N.E.2d 742. Appellant thereby divested himself of title and appellees became the *236 equitable, if not legal, owners of the stock certificates. All that remained to be done to formally complete the transaction was action on the part of appellees. There was, therefore, a completed sale, entitling appellant to the purchase price.
Appellees cross-assigned as error the trial court's failure to tax appellees' cost against appellant. In view of our holding, it is unnecessary to consider this point.
The judgment appealed is reversed and remanded for the entry of a judgment in favor of appellant.
Reversed and remanded.
MANN, C.J., and BOARDMAN, J., concur.