Argued November 5, 1973, reversed with instructions
February 14, 1974

TRIPP, *Appellant, v.* PAY 'N PAK STORES,
INC., *Respondent.*
518 P2d 1298

*Thomas J. Barnett,* Portland, argued the cause for appellant. With him on the briefs were Tonkon, Galen & Baker, Portland.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the. brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and Rockne Gill, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

DENECKE, J.

The issue is whether an oral stock option is unenforceable because of the statute of frauds.

The following facts were found by the trial

court and are supported by the evidence: Several companies planned to merge, with the defendant to be the survivor. The defendant wanted plaintiff to leave his employment with another business and to work for the defendant. Two men who became the president and the chairman of the board of the defendant orally agreed with the plaintiff that if he would work for the defendant he would receive an option to buy 1,000 shares of defendant's stock. The option would run for five years and the price would be that at which the stock was initially offered to the public.

In reliance on this agreement, in March 1969, plaintiff resigned from his employment and joined the defendant. From time to time plaintiff inquired about his promised stock option; however, nothing was done until December 1970. At that time the board gave plaintiff an option for two hundred shares a year for four years at a price of $8 per share. The terms of the option were those of the defendant's stock option plan. At that time defendant's stock was selling for less than $10.50 per share, its issue price.

Plaintiff left the employment of the defendant in March 1971. He sought to exercise his right to buy stock, for the first time, in February 1972. The defendant refused to sell upon the ground that under the defendant's stock option plan the option had expired. The plaintiff brought this action for damages for breach of the oral option agreement. He alleged his damages were the difference between the option price, $10.50 per share, and the sales price at the time of the breach, $32 per share. The trial court held the applicable statute of frauds applied and, therefore, the oral stock option agreement could not be enforced.

ORS 78.3190, the statute of frauds of the in-

vestment securities chapter of the Uniform Commercial Code, governs.① Part (1) provides:

> "A contract for the sale of securities is not enforceable by way of action or defense unless:
>
> "(1) There is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price; or
>
> "* * * * *."②

■ This statute of frauds, unlike the general statute of frauds, does not require a complete memorialization. This statute only requires a writing "sufficient to indicate that a contract has been made" for a sale.

Any doubt that the statute means what it says is dispelled by the express correlation with the statute of frauds of the sales portion of the Uniform Commercial Code. The official comment to the investment securities statute of frauds states, in part:

> "*Purpose of changes:* To conform the statute of frauds provisions with regard to securities to the policy of the provisions in ORS 72.1010 to 72.7250 on sale of goods. * * *."

ORS 72.2010, the statute of frauds of the sales chapter provides, in part:

> "Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to

---

① Probably, Washington law applies; however, the Oregon and Washington statutes are identical and there is no case law; therefore, no choice-of-law issue was raised. The parties proceeded upon the assumption that Oregon law applied.

② Plaintiff does not contend that an option to buy stock which is part of an employment contract is not covered by this statute.

indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing."

This section uses the same language found in the investment securities statute; that is, some writing "sufficient to indicate that a contract has been made."

The official comment to ORS 72.2010 elaborates on this theme that a complete memorialization of a contract is not needed to satisfy the statute:

"*Purposes of Changes:*

"The changed phraseology of ORS 72.2010 is intended to make it clear that:

"1. The required writing need not contain all the material terms of the contract and such material terms as are stated need not be precisely stated. All that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction. It may be written in lead pencil on a scratch pad. It need not indicate which party is the buyer and which the seller. The only term which must appear is the quantity term which need not be accurately stated but recovery is limited to the amount stated. The price, time and place of payment or delivery, the general quality of the goods, or any particular warranties may all be omitted."

■ Returning to the investment securities statute of frauds, ORS 78.3190,—four elements are required to satisfy that statute: (1) a writing; (2) signed, providing for the sale of; (3) a stated quantity of described securities; and (4) "at a defined or stated price."

■ We conclude these four requirements are satis-

fied by the minutes of the defendant's Board of Directors meeting of December 15, 1970. The minutes were signed by an assistant secretary of defendant and were admitted into evidence without objection. They state, in part:

"Mr. Heerensperger next brought up the matter of a stock option for Don Tripp. He advised the Board that at the time Mr. Tripp was employed by the Company, a promise had been made to Mr. Tripp that he would receive option to purchase 800 shares at the offering price of $10.50 per share, and that Mr. Tripp felt the Company should honor this commitment. A discussion ensued in which several directors stated that such an option was not in the best interest of the Company because the price of the stock was currently substantially lower than $10.50 per share. Subsequently, Mr. Thurman moved that the Company grant Mr. Tripp the option to purchase 800 shares of stock, 200 shares per year over a four year period, out of the qualified stock option plan which the Company had previously adopted for a per share price of $8.00. Mr. Headley seconded the motion and thereafter the same was unanimously adopted."

The minutes indicate that a contract had been made for the sale of 800 shares of the defendant's stock at $10.50 per share.

The defendant has not contended that the promise was not binding for lack of consideration nor has it contended that Mr. Heerensperger was not authorized to make such a promise. Defendant contends the promise evidenced in the minutes is not binding because it does not comply with ORS 57.088 which provides, in part:

"* * * No such rights or options shall be issued to a director, officer or employe of the corporation or of any subsidiary thereof unless the

issuance is approved, at the annual meeting or a special meeting, by the holders of at least two-thirds of the outstanding shares entitled to vote thereon, or unless such issuance is pursuant to a plan previously so approved. * * *."

■ This Oregon statute does not apply. The defendant is incorporated in Washington and, therefore, Washington law governs its internal operation.

The trial court erred in holding that the statute of frauds rendered the oral stock option agreement unenforceable.

Deciding that the statute of frauds does not preclude enforcement does not necessarily result in a holding that the plaintiff has proved an enforceable agreement. Such a decision merely opens the way for the plaintiff to attempt to prove an oral agreement. This proposition is illustrated by a case under the statute of frauds of the sales chapter which, as stated, has the same rationale as the investment securities statute of frauds:

"Under the statute of frauds as revised in the Code 'All that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction.' Its object is the elimination of certain formalistic requirements adherence to which often resulted in injustice, rather than the prevention of fraud. The present memoranda fulfill the requirement of affording a belief that the oral contracts rested on a real transaction and the court below erred in holding otherwise. Nor are Consolidated-Lustro harmed by such a determination *since Rubin-Arandell must still sustain the burden of persuading the trier of fact that the contracts were in fact made orally prior to the written confirmation.*" (Emphasis added.) *Harry Rubin & Sons v. Con. P. Co. of Am.*, 396 Pa 506, 512, 153 A2d 472 (1959).

■ While the minutes may not be conclusive, as a matter of law, that defendant contracted with plaintiff and in the terms set forth in the minutes, the minutes support the findings of the trial court. The trial court, wisely, in an attempt to settle everything in one trial, made findings which were complete so that in the event the plaintiff successfully appealed, judgment could be entered without a new trial. The trial court found the defendant had entered an oral agreement with the plaintiff whereby the plaintiff could buy defendant's stock for $10.50 per share. It further found that the oral stock option was for a period of five years and there was no requirement that the option be exercised in yearly increments. The trial court found the agreement was for 1,000 shares; however, the minutes state 800 shares. The applicable statute of frauds limits the oral contract to the quantity specified in the writing; therefore, the agreement must be limited to 800 shares.

Reversed and remanded with instructions to the trial court to determine the amount of plaintiff's damages and enter judgment therefor.