525 So.2d 977 (1988)
Dr. Habib K. KHOSHNOU, Appellant,
v.
PAINE, WEBBER, JACKSON & CURTIS, INC., Appellee.
No. 87-502.
District Court of Appeal of Florida, Fifth District.
May 19, 1988.
*978 Jerry S. Luxenberg, Orlando, for appellant.
N. James Turner, Orlando, for appellee.
PER CURIAM.
Khoshnou appeals from a final summary judgment in favor of Paine, Webber, Jackson & Curtis, Inc., in their suit against him for breach of contract. Paine-Webber claimed they were entitled to a summary judgment because the record established that they had sent Khoshnou a written confirmation of sales and investments for his account, which was not objected to within ten days of receipt. § 678.319(3), Fla. Stat. (1985). Khoshnou argues his pleadings and affidavit by his son, who was his agent to effect trades on the account, raised material fact issues concerning Paine-Webber's authority to execute the transactions evidenced in the confirmations on his behalf. We reverse.
The record established that Khoshnou opened a brokerage account with Paine, Webber in 1980. His son was named attorney-in-fact to trade on the account. During June, July and August of 1985, Paine-Webber sent confirmation slips and statements to Khoshnou, which neither he nor his son objected to. The account had a negative balance, becoming increasingly negative over that time period. Khoshnou alleged his account was not active, and that Paine-Webber lacked authority from him or his agent, to enter into the transactions evidenced by the confirmations.
Paine-Webber relies solely on section 678.319(3) to sustain the propriety of the summary judgment in its favor. That section provides:
678.319 Statute of frauds.  A contract for the sale of securities is not enforceable by way of action or defense unless:
* * * * * *
(3) Within a reasonable time a writing in confirmation of the sale or purchase and sufficient against the sender under subsection (1) has been received by the party against whom enforcement is sought and he has failed to send written objection to its contents within 10 days after its receipt;
We do not think subsection (3) is dispositive in this case. Subsection (3) is only one of four ways the statute of frauds applicable to transactions involving securities under the UCC may be satisfied.[1] The Florida *979 Code Comments to this section expressly provide that subsection (3) is "new" to Florida law, and that it is to be interpreted like section 672.201(2), the Statute of Frauds provision regarding sale of goods and written confirmation between two merchants.[2] The Uniform Commercial Code Comment to 2-201(2) (672.201(2)) provides that the only effect this section has "is to take away from the party who fails to answer the defense of the Statute of Frauds; the burden of persuading the trier of fact that a contract was in fact made orally prior to the written confirmation is unaffected." (Emphasis supplied).
The authorities writing on the UCC regarding the effect of these twin provisions is as stated in the comment. Anderson on the UCC section § 8-319:6, page 324 (1985) says:
The fact that a writing or conduct satisfies the requirements of the statute of frauds does not in itself establish the existence of the alleged oral contract. The party claiming that an oral contract existed has the burden of proving that there was such a contract and its terms... .
White & Summers, Handbook on the Uniform Commercial Code § 2-3, p. 57 (2d ed. 1980) also says:
"[T]he theory is that a complying memo itself is not conclusive proof of the existence of the oral contract, let alone of its terms. Beyond producing a memo "sufficient to indicate that a contract for sale has been made between the parties," the plaintiff must still persuade the trier of fact that the parties did make an oral contract and that its terms were thus and so. By parity of analysis, a defendant who unsuccessfully pleads the defense of the statute of frauds may still "defend on the facts" and prevail, that is, he may still persuade the trier of fact that no contract was ever made."
Cases applying the UCC Statute of Frauds provisions reach results consistent with the Code Comments and the above quoted authorities. In General Matters, Inc. v. Penny Products, Inc., 651 F.2d 1017 (5th Cir.1981), the court applied Florida law in a case involving the statute of frauds defense in a sale of goods. The trial court was affirmed by the circuit court in its finding that an order satisfied the statute of frauds, pursuant to section 672.201(2). The court said that the only effect subsection (2) had was to allow the plaintiff the use of oral testimony to prove both the existence and the terms of the contract. See also Tripp v. Pay'N Pak Stores, Inc., 268 Or. 1, 518 P.2d 1298 (1974) (similar result reached in securities statute of frauds UCC § 8-319).
Similarly in Harry Rubin & Sons, Inc. v. Consolidated Pipe Company of America, Inc., 396 Pa. 506, 153 A.2d 472 (1959), the court said that UCC section 2-201(2) merely prevented a party from raising the statute of frauds as a defense. Once a sufficient memoranda between merchants was established the plaintiffs still had to "sustain the burden of persuading the trier of fact that the contracts were in fact made orally prior to the written confirmation." Id. 153 A.2d at 476. The court held the statute of frauds had been satisfied and remanded for trial on the merits.
*980 In Katz v. Abrams, 549 F. Supp. 668 (E.D.Pa. 1982), the court granted summary judgment in a case where the statute of frauds was not sufficiently overcome. Discussing the defense the court said:
A statute of frauds defense does not go to the underlying merits of the dispute if the defense fails, the plaintiff does not automatically win the case, but will be allowed to attempt to prove the contract and the breach.
549 F. Supp. at 669.
Consistent with these holdings is Alderson v. Francis I. duPont & Company, 251 So.2d 710 (Fla. 3rd DCA 1971). In Alderson, the statute of frauds was raised as a defense in a suit by a customer against a broker. The DCA reversed the trial court's finding that a letter proved in that case was not a sufficient memoranda to defeat the defense under either section 8-319(a) or (c). However, the court did not direct entry of judgment based on the memoranda. It remanded the case for trial on the merits.
Basically, that is the procedure we think should occur in this case. The confirmations and no objection thereto were sufficient to bar the statute of frauds defense. However, that does not by itself conclusively establish the terms of the contract. Paine-Webber still has the burden to persuade the trier of fact that an oral contract was made, and Khoshnou may raise any defenses he has, including lack of authority. These defenses were pled, supported by affidavit and were undisputed. For summary judgment purposes, they created material issues of fact not resolvable at this point in the proceeding.
We disagree with the dissenting opinion that the weight of authority in other jurisdictions is contrary to this holding. Shpilberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 535 S.W.2d 227 (Ky. 1976) is the only case which suggests that the terms of a written confirmation are absolutely binding on the parties, drawing on an extension of the parol evidence rule. Shpilberg completely ignores the express code comments and other authorities dealing with these provisions. Further, Shpilberg recognizes that even though the terms of the contract are set conclusively by the confirmation, a party still may raise defenses to it. It says a defending party may "attack only on the grounds which a written contract may be attacked." Id. 535 S.W.2d at 230. Surely that would include a defense of lack of authority.[3]
Accordingly, we reverse and remand this cause for further proceedings.
REVERSED AND REMANDED.
SHARP, C.J., and HARRIS, C.M., Associate Judge, concur.
UPCHURCH, F.D., Jr., Judge, Retired, dissents with opinion.
UPCHURCH, F.D., Jr., Judge, Retired, dissenting.
I respectfully dissent. There is no question that Fred Khoshnou was named attorney-in-fact for the purpose of trading in the Paine Webber account. There is no dispute that the statements of account were mailed, or that appellant failed to respond or object to the statements. The closest allegation was that he [Fred Khoshnou] could not recall receiving the statements. When an item is mailed, however, it is presumed to have been received. Allstate Ins. Co. v. Eckert, 472 So.2d 807 (Fla. 4th DCA 1985).
The controlling statute governing the delivery of confirmations of securities transactions is section 678.319, Florida Statutes (1985) which provides:
A contract for the sale of securities is not enforceable by way of action or defense unless:
* * * * * *

*981 (3) Within a reasonable time a writing in confirmation of the sale or purchase and sufficient against the sender under subsection (1) has been received by the party against whom enforcement is sought and he has failed to send written objection to its contents within 10 days after its receipt.
The Draftmen's Comment to the 1962 Official Text of Section 8-319 of the Uniform Commercial Code explains the practical importance of this section:
Paragraph (3) [of § 678.319, Fla. Stat.] is particularly important in the relationship of broker... and customer. Normally a great volume of such business is done over the telephone. Orders are executed almost immediately and confirmed on the same or the next business day, usually on standard forms.... It is reasonable to require the customer to raise his objection, if any, within ten days after the confirmation has been received.
The most definitive and often cited interpretation by a Florida court of the above-quoted statute is Alderson v. Francis I. duPont & Co., 251 So.2d 710 (Fla. 3d DCA 1971) which holds that the failure to object to a writing within the meaning of the above-quoted section entitles the sender of the writing to enforcement of the transaction.
I do not think the purpose of section 678.319 was merely to do away with the requirement of the statute of frauds as held by the majority. Certainly, the language "[h]e has failed to send written objection to its contents ..." (emphasis added) has a purpose. I can only conclude that the section means that if one does not object within ten days after receipt he cannot contest the statement.
Appellant had opened an account. He had authorized his son to operate it. He did not object within ten days of the confirmations nor did he object to the monthly statements.
Courts in other jurisdictions, construing an identical Uniform Commercial Code statute, have held that a confirmation slip is enforceable and binding against a customer who fails to object with ten days of receipt of the confirmation. In Weiss v. Dempsey-Tegeler Co., 443 S.W.2d 934 (Tex.Civ.App. 1969), the court held that a customer is bound by the broker's confirmation notice since the customer had not sent written objections to its contents within ten days. In Colt v. Fradkin, 361 Mass. 447, 281 N.E.2d 213 (1972), a confirmation notice dealing with an option to be exercised within two years had to be objected to within ten days of receiving the notice and not at the time of exercising the option in the future. In Shpilberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 535 S.W.2d 227 (Ky. 1976), the court held that in the absence of receiving written objections within ten days, the confirmation slip is conclusive evidence of the contract and may not be attacked simply by parol evidence that there was no such agreement. The Shpilberg court, agreeing with the substance of the holding in Alderson, stated:
Since it appears that the writing is acceptable evidence of the existence of a contract, the question then is how conclusive evidence is it? We think the answer must be that if the writing contains all of the essential elements of a contract, rather than being merely a skeleton memorandum, it should be treated as conclusive evidence of the existence of the contract, subject to attack only on the grounds on which a written contract may be attacked.
535 S.W.2d at 229-230.
Consistent with this reasoning, the Shpilberg court went on to conclude that the statute of frauds placed the non-objecting receiver of confirmation in the same legal position as the signer of a written contract. Accordingly, an enforceable contract for the sale of securities was established and, in my opinion, the trial judge was correct and should be affirmed.
NOTES
[1] Statute of frauds.  A contract for the sale of securities is not enforceable by way of action or defense unless:
(1) There is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity or described securities at a defined or stated price; or
(2) Delivery of the security has been accepted or payment has been made but the contract is enforceable under this provision only to the extent of such delivery or payment; or
(3) Within a reasonable time a writing in confirmation of the sale or purchase and sufficient against the sender under subsection (1) has been received by the party against whom enforcement is sought and he has failed to send written objection to its contents within 10 days after its receipt; or
(4) The party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract was made for sale of a stated quantity of described securities at a defined or stated price.
[2] 672.201 Formal requirements; statute of frauds. 

(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within 10 days after it is received.
[3] The dissent also cites Colt v. Fradkin, 361 Mass. 447, 281 N.E.2d 213 (1972), but that was a case which was decided after a full trial. See also Tipton v. Woodbury, 616 F.2d 170 (5th Cir.1980). Weiss v. Dempsey-Tegeler & Co., Inc., 443 S.W.2d 934 (Texas Civ.App. 1969) turned on whether the broker was liable to the customer for failing to deliver purchased stock certificates to the customer sooner. The statute of frauds was only indirectly involved, and significantly, the judgment was rendered after a trial  not a summary judgment.