702 So.2d 284 (1997)
WORLD TIME CORPORATION OF AMERICA, Appellant,
v.
Benjamin MIZRACHI, Appellee.
No. 97-1133.
District Court of Appeal of Florida, Fourth District.
December 10, 1997.
Gregory J. Willis of Walton Lantaff Schroeder & Carson, Fort Lauderdale, for appellant.
Daniel S. Newman and Joseph A. DeMaria of Tew & Beasley, L.L.P., Miami, for appellee.
PER CURIAM.
This appeal arises out of the trial court's order compelling the appellant corporation to allow the appellee shareholder to inspect and copy the corporate records, pursuant to sections 607.1602 and 607.1604, Florida Statutes (1995). We affirm the trial court's order based on its finding that the appellee, as a beneficial owner of the appellant's stock, was a stockholder entitled to an inspection of the corporate records.
The appellee was a 50% shareholder in the appellant corporation. He entered into a written agreement to sell his shares to the other 50% shareholder. The appellee placed his stock certificates, endorsed in blank, into an escrow account, with instructions to deliver the stock certificates when the other shareholder had completed payments approximately fifteen years later. Two and one-half years after the parties had entered the agreement, the purchasing shareholder defaulted on his interest payments and subsequently refused to make any more payments. The appellee then gave the appellant corporation notice of his intent to inspect the corporate records.
Pursuant to section 607.1602, a shareholder of a corporation is entitled to inspect certain enumerated corporate books and records for a proper purpose, upon demand and at least five business days notice. If the corporation refuses to grant the inspection, the shareholder is entitled to a court order compelling said inspection. See § 607.1604(1).
In the present case, the appellee complied with the statutory requirements, and the appellant corporation refused to grant him access to the records, based upon its erroneous belief that he did not constitute a shareholder within the meaning of the statute. A "shareholder," for purposes of the Florida Business Corporation Act, chapter 607, Florida Statutes (1995), is defined as "one who is a holder of record of shares in a corporation or the beneficial owner of shares to the extent of the rights granted by a nominee certificate on file with a corporation." § 607.01401(23).
The appellee fit within the statutory definition of a "shareholder," since he retained beneficial ownership of the stock after it was placed in escrow. See Phillips v. Zimring, 284 So.2d 233, 235 (Fla. 2d DCA 1973)(stock transfer law relating to effect of endorsement *285 of security involves legal title only, but not the "broad field" of equitable rights and interests); see also Zell v. Cobb, 566 So.2d 806, 808 (Fla. 3d DCA 1990)(instrument deposited in escrow does not take effect as fully executed contract until enumerated future condition or event occurs). Accordingly, we affirm the trial court's order compelling inspection of the corporate records.
Affirmed.
DELL, WARNER and PARIENTE, JJ., concur.